UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


SHIRLEY THOMAS,

               Plaintiff,                              Civil Action No.
                                                                05-CV-74900-DT

vs.

                                                                HON. BERNARD A. FRIEDMAN

DELTA FAMILY-CARE DISABILITY
AND SURVIVORSHIP PLAN,

               Defendant.

_____/


## OPINION AND ORDER GRANTING DEFENDANT'S
## MOTION TO ENFORCE SETTLEMENT


        This matter is presently before the court on defendant's motion to enforce settlement

[docket entry 11]. Plaintiff has not responded to this motion and the time for her to do so has

expired.[1] Pursuant to E.D. Mich. 7.1(e)(2), the court shall decide defendant's motion without oral

argument.

        Plaintiff brought this suit to challenge defendant's denial of her application for long-

term disability insurance benefits. Plaintiff was covered by a group policy available to her as an

employee benefit. Defendant denied plaintiff's application for reasons explained in a lengthy

written decision, a copy of which is attached to defendant's motion as an exhibit. In early January

2007, after the complaint and answer were filed, plaintiff's attorney filed a motion to withdraw,

---

[1]Defendant's motion was filed on January 24, 2007. Pursuant to E.D. Mich. LR
7.1(d)(2)(B), plaintiff had 14 days to respond. On the fifteenth day, February 8, 2007, plaintiff
filed a motion requesting additional time to respond. As plaintiff is proceeding *pro se*, the court
granted the motion and extended the response deadline to March 23, 2007. As of the date of this
opinion, plaintiff has neither responded nor requested additional time to do so.

which the court granted in late January 2007.  No substitute counsel has entered an appearance on plaintiff's behalf.

In the motion now before the court, defendant indicates that its attorney and plaintiff's attorney negotiated a settlement agreement.  Under this agreement, defendant was to pay plaintiff the sum of $5,000 and plaintiff was to execute a release.  Plaintiff's counsel reviewed the proposed release and asked that it be clarified so as not to affect any future claim plaintiff might make regarding her pension rights. After defendant made the requested change, plaintiff changed her mind.  Defendant wants the settlement agreement enforced.  Plaintiff indicates in her motion requesting additional time to respond that she "never authorized former counsel to initiate settlement talks with defendant counsel."

From the letters and the email and voicemail correspondence attached to defendant's motion, it is clear that the attorneys negotiated a settlement agreement.  Plaintiff's counsel told defense counsel, "I talked to her.  If you get her 5 grand we can settle the case."  Defendant agreed to pay this amount.  At that moment, the case was settled because an oral settlement agreement is enforceable when, as here, the "parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing."  *Max Int'l, Inc. v. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001).  The only "essential term" in the present case is the amount defendant was to pay, as the release is a standard term of all settlement agreements and the release presented by defendant contains nothing other than standard provisions.  While plaintiff asserts that she "never authorized" her attorney "to initiate settlement talks," the fact of the matter is that when plaintiff retained her attorney she "clothe[d] [him] with apparent authority to settle claims connected with the matter.  Thus, a third party who reaches a settlement agreement with an attorney employed to

2

represent his client in regard to the settled claim is generally entitled to enforcement of the settlement agreement even if the attorney was acting contrary to the client's express instructions." *Capital Dredge and Dock Corp. v. City of Detroit* , 800 F.2d 525, 530 (6th Cir. 1986) (citations omitted). *See also Michigan Reg'l Council of Carpenters v. New Century Bancorp, Inc.*, 99 Fed.Appx. 15, 21-22 (6th Cir. 2004) (noting this rule also applies to oral agreements reached by attorneys). Plaintiff is therefore bound by the settlement agreement her attorney reached on her behalf.

The court shall enforce the settlement agreement. In accordance with the agreement, plaintiff must sign the release, a copy of which is attached to defendant's motion as Exhibit G. If plaintiff signs the release, defendant must pay her the agreed amount of $5,000. If plaintiff does not sign the release, defendant need not pay. In either event, the court shall dismiss the complaint with prejudice, as the matter has been settled. Accordingly,

IT IS ORDERED that defendant's motion to enforce settlement agreement is granted.

IT IS FURTHER ORDERED that the complaint is dismissed with prejudice.

_____s/Bernard A. Friedman _____
BERNARD A. FRIEDMAN
CHIEF UNITED STATES DISTRICT JUDGE

Dated: June 21, 2007
        Detroit, Michigan